IN THE CIRCUIT COURT OF FORREST COUNTY, MISSISSIPPI

JHONY GOMEZ ALVAREZ                                                PLAINTIFF

V.                                                    CAUSE NO. H19-0067

HOME DEPOT; AND
JOHN AND JANE DOES 1-10                                      DEFENDANTS

## SUMMONS IN A CIVIL ACTION

To:    Home Depot
        Corporation Service Company; Registered Agent
        7716 Old Canton Road, Suite C
        Madison, Mississippi 39910

Or wherever said person may be found in said County and State:

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

      You are required to mail or hand-deliver a copy of a written response to this Complaint to Mike Saltaformaggio of 'MAGGIO | THOMPSON, LLP, attorney for the Plaintiff, whose address is **1227 East Fortification Street, Jackson, Mississippi 39202.** Your response to the Complaint must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or things demanded in the Complaint.

      You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

      Issued under my hand and seal of said Court, this __5__ day of __April__, 2019.

(SEAL)

By: _Gwen Wilks_ / _(signature)_, DC

1

## IN THE CIRCUIT COURT OF FORREST COUNTY, MISSISSIPPI

**JHONY GOMEZ ALVAREZ**                                                                 **PLAINTIFF**

**V.**                              **FILED**                    **CAUSE NO. H19-0067**

**HOME DEPOT; AND**         **APR 0 5 2019**
**JOHN AND JANE DOES 1-10**                                                   **DEFENDANTS**
**FORREST COUNTY CIRCUIT CLERK**

### COMPLAINT
**(Jury Trial Demanded)**

1. COMES NOW Plaintiff, Jhony Alvarez (hereinafter, "Plaintiff" or "Alvarez"), by and through undersigned counsel, and files this Complaint against Home Depot (hereinafter, "Defendant"), and John and Jane Does 1-10, collectively referred to as "Defendants." In support thereof, Plaintiff would show unto this Court the following matters, to wit:

### JURISDICTION AND VENUE

2. Jurisdiction and venue are proper, pursuant to Mississippi Code of 1972, § 11-11-3(1)(a)(i), in that Plaintiff's claim arises out of the negligent acts and/or omissions of the Defendants, all or part of which occurred in Hattiesburg, Forrest County, Mississippi.

### PARTIES

3. Plaintiff is an adult resident citizen of Kings County, New York; his current residence address 330 Bushwick Avenue, Apt 5E, Brooklyn, New York 11206.

4. Home Depot #2905 is one (1) of approximately 2,286 home improvement stores located throughout North America (hereinafter, "Defendant"), a for-profit business corporation; its business location is 4100 O'Ferrell Street, Hattiesburg, Forrest County, Mississippi 39402. Home Depot's principal place of business is located at 2455 Paces Ferry Road, Atlanta, Georgia 30339, and is subject to the in personam jurisdiction of this Court by service of process upon its appointed registered agent, Corporation Service Company, located at 7716 Old Canton Road, Suite

C, Madison, MS 39110.

5. The Plaintiff is ignorant as to the identities of John and Jane Does 1-10 who are unknown officers, employees, agents, and or servants of the Defendant. Plaintiff will amend this Complaint to allege their true names and allege that each of the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages, as alleged herein, were proximately caused by their conduct. Plaintiff, upon information and belief, asserts that the Doe Defendants were the officers, agents, servants, and employees of the Defendant, and were acting with the permission and consent within the course and scope of said agency and employment.

6. At all times relevant to this action, Defendant's employees, including John and Jane Doe(s) 1-10, were acting in the scope of his/her agency and employment with the Defendant named herein. Accordingly, Defendant is vicariously responsible for the alleged acts and omissions of its employees, as well as any other employees, agents, individuals, or managers that were negligent while acting on behalf and for the Defendant named herein.

## FACTS

7. On December 28, 2017, Plaintiff visited the Home Depot, Store #2905, to purchase some tile.

8. As he was attempting to move a box of tile, an exposed piece of tile cut his hand open.

9. Plaintiff received assistance from store personnel and was taken to Forrest General Hospital by a friend. He has received significant medical treatment as a result of this incident, including 12 stitches to his hand.

10. At all times material to this Complaint, Plaintiff was a business invitee of the

Defendant. Defendant has a duty to exercise reasonable care to protect its customers from foreseeable harm while on its premises.

11.  The danger created by the sharp, exposed tile was hidden and not open and obvious to Plaintiff.

12.  The Defendant created said danger, and subsequently failed to warn Plaintiff of this hidden and unexpected danger. There were no signs, cones, or other warnings indicating this danger.

13.  Due to the negligence of said Defendant, Plaintiff has received significant and severe personal injuries.

## COUNT I – NEGLIGENCE

14.  Plaintiff incorporates the allegations contained in Paragraphs 1 through 13 hereinabove.

15.  Because Plaintiff was a customer on Defendant's premises, Defendant owed him an ordinary duty of care to protect him from foreseeable harm. Defendant's breach of that duty includes, but is not limited to:

    A.    Failure to make reasonable inspections to discover hazardous conditions on the premises;

    B.    Failure to warn patrons of unreasonably hazardous conditions on the premises of which Defendant knew or, or in the exercise of reasonable care should have known of;

    C.    Failure to take reasonable steps to protect patrons from hazardous conditions on the premises;

    D.    Failure to properly hire, train and supervise the persons hired to work as

3

employees of Defendant;

E. Failure to establish and implement policies and procedures designed to ensure the protection and safety of patrons;

F. Failure to use reasonable care; and

G. Other negligent acts or omissions that may be discovered and shown at the trial of this matter.

These failures constitute negligence and gross negligence on the part of the Defendant.

16. The Defendant breached its duty to use reasonable care to protect Plaintiff from hazardous conditions on the premises by and through its failure to establish and carry out routine and frequent inspections for such conditions, failure to establish and carry out routine and frequent cleaning operations, failure to discover the exposed tile prior to Plaintiff's injury, failure to promptly remove the exposed tile from the box or to warn Plaintiff of the hazard posed by its presence, and failure to implement preventative measures designed to eliminate or reduce the danger imposed by its presence.

17. As a direct and proximate result of Defendant's breach of duty to Plaintiff, he has suffered serious physical injuries and disabilities, pain and suffering, as well as mental and emotional anguish, and expects to experience similar pain and suffering in the future.

18. As a direct and proximate result of Defendant's breach of duty to the Plaintiff, he was unable to go to work, and has suffered lost wages and other financial and miscellaneous damages as a result.

19. As a direct and proximate result of Defendant's breach of duty to the Plaintiff, he has incurred expenses for medical and other care.

## COUNT II – NEGLIGENT SUPERVISION/HIRING/RETENTION/TRAINING

20. Plaintiff incorporates the allegations contained in Paragraphs 1 through 19 hereinabove.

21. Upon information and belief, the Defendant was negligent in its supervising, hiring, retention, and training of its employees.

22. As a direct and proximate result of Defendant's negligence, Plaintiff has incurred serious damages.

## COUNT III – VICARIOUS LIABILITY

23. Plaintiff adopts by reference paragraphs 1 through 22 of the above set forth hereinabove.

24. Based on information, belief, and controlling law, Defendant is vicariously liable for the acts of all employees, managers, staff, or other entities that contributed or caused the injuries to Plaintiff.

25. Plaintiff reserves the right to amend his Complaint to specifically name any individual defendants not specifically named herein after reviewing the pleadings or discovery of the Defendant.

27. Defendant is vicariously liable for the acts of any agents, employees, or staff that were negligent on the date of injury named herein.

28. As a direct and proximate cause of the Defendant's negligence, Plaintiff has incurred significant and severe personal injuries.

## COUNT IV – GROSS NEGLIGENCE

29. Plaintiff adopts by reference paragraphs 1 through 28 of the above set forth hereinabove.

5

30. The wrongful actions of the Defendant in failing to properly evaluate, inspect, and warn Plaintiff were willful and/or grossly negligent and were so wanton as to show a disregard for the safety of others, specifically Plaintiff, thus giving rise to an award of punitive damages against the Defendant.

31. As a direct and proximate cause of the Defendant's negligence, Plaintiff has incurred significant and severe personal injuries.

## **DAMAGES**

32. Plaintiff incorporates the allegations contained in Paragraphs 1 through 31 hereinabove.

33. The Doe Defendants, in their individual capacities, exhibited a complete disregard for the safety of the Plaintiff by acting in the negligent and/or grossly negligent manner previously described herein. The actions of the Doe Defendants in their individual capacities warrant punitive damages.

34. The Doe Defendants' actions in their individual capacities exhibited gross negligence and direct disregard for the safety of the Plaintiff. Punitive damages should be awarded against the Doe Defendants. Doe Defendants' tortious actions have caused the injuries suffered by the Plaintiff.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff requests an award of damages for the following:

A. Compensatory damages for lost wages of, from and against the Defendant;

B. Compensatory damages for past expenses for medical and other care of, from and against the Defendant;

C.  Compensatory damages for past, present and anticipated future physical pain, suffering and emotional and mental anguish of, from and against the Defendant;

D.  Punitive damages of, from and against the Defendant, in an amount to be determined by this Court;

E.  Reasonable attorney's fees and all costs of this court;

F.  Pre and post judgment interests from the date of the filing of this Complaint; and

G.  Such other general and special relief as appears reasonable and just in this cause to which Plaintiff may be entitled.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a trial by jury and seeks judgment of, from, and against the Defendants listed above to adequately compensate Plaintiff for his injuries, and for any other relief provided by law.

Respectfully Submitted, this the ___ day of April, 2019.

JHONY GOMEZ ALVAREZ, PLAINTIFF

MIKE SALTAFORMAGGIO

COUNSEL FOR PLAINTIFF:

Mike Saltaformaggio (MSB# 104000)
Mack Reeves (MSB # 104823)
Seth Thompson (MSB#103887)
'MAGGIO | THOMPSON, LLP
1227 E. Fortification St.
Jackson, Mississippi 39202
Ph: 601-300-3333
Fax: 769-257-7770
mike@mtlawms.com
mack@mtlawms.com
seth@mtlawms.com

IN THE CIRCUIT COURT OF FORREST COUNTY, MISSISSIPPI

| | | |
|---|---|---|
| JHONY GOMEZ ALVAREZ | FILED | PLAINTIFF |
| V. | JUN 0 6 2019 | CAUSE NO. H19-0067 |
| HOME DEPOT; AND<br>JOHN AND JANE DOES 1-10 | FORREST COUNTY CIRCUIT CLERK | DEFENDANTS |

### ANSWER AND DEFENSES OF HOME DEPOT U.S.A., INC.

**COMES NOW** Defendant, Home Depot U.S.A., Inc. (referred to herein as both "Defendant" or "Home Depot"), by and through its attorneys of record herein, and files this its Answer and Defenses to the Complaint filed against it by Plaintiff, Jhony Gomes Alvarez ("Plaintiff"), and in support thereof would show unto the Court the following, to-wit:

### FIRST DEFENSE

Without waiving any defense, affirmative or otherwise, pursuant to Rule 12 of the Mississippi Rules of Civil Procedure, Defendant alleges that some or all of Plaintiff's claims should be dismissed for the failure to state a claim upon which relief can be granted. Defendant hereby requests any and all relief that may be granted by this Court pursuant to or in light of the aforementioned defense.

### SECOND DEFENSE

Without waiving any defense, affirmative or otherwise, Defendant affirmatively pleads, alleges and reserves each and every defense available to it under Rule 12 of the Mississippi Rules of Civil Procedure.

### THIRD DEFENSE

Home Depot responds, paragraph by paragraph, to the allegations of the Complaint as follows:

1

**1.**

Home Depot denies the allegations of Paragraph 1 of the Complaint.

**2.**

Home Depot denies the allegations of Paragraph 2 of the Complaint as worded.

**3.**

On information and belief, Home Depot admits the allegations of Paragraph 3 of the Complaint.

**4.**

Except as hereinafter admitted, Home Depot denies the allegations of Paragraph 4 of the Complaint. Home Depot admits that Home Depot U.S.A., Inc. is a foreign corporation with a registered agent for service of process.

**5.**

Home Depot denies the allegations of Paragraph 5 of the Complaint.

**6.**

Home Depot denies the allegations of Paragraph 6 of the Complaint.

**7.**

Except as hereinafter admitted, Home Depot denies the allegations of Paragraph 7 of the Complaint. Home Depot admits that Plaintiff was a business invitee on the date of the alleged incident.

**8.**

Home Depot denies the allegations of Paragraph 8 of the Complaint.

**9.**

Home Depot denies the allegations of Paragraph 9 of the Complaint.

**10.**

Except as hereinafter admitted, Home Depot denies the allegations of Paragraph 10 of the Complaint. Home Depot admits that Plaintiff was a business invitee on the date of the alleged incident. Home Depot further admits that any duties owed to the Plaintiff and the general public are controlled by applicable Mississippi law.

**11.**

Home Depot denies the allegations of Paragraph 11 of the Complaint.

**12.**

Home Depot denies the allegations of Paragraph 12 of the Complaint.

**13.**

Home Depot denies the allegations of Paragraph 13 of the Complaint.

**14.**

As Plaintiff has realleged all of his previous allegations in Paragraph 14, Home Depot realleges its responses to the preceding paragraphs herein.

**15.**

Except as hereinafter admitted, Home Depot denies the allegations of Paragraph 15 of the Complaint, including subparts "A." through "G." thereto. Home Depot admits that any duties owed to the Plaintiff and the general public are controlled by applicable Mississippi law.

**16.**

Home Depot denies the allegations of Paragraph 16 of the Complaint.

**17.**

Home Depot denies the allegations of Paragraph 17 of the Complaint.

**18.**

Home Depot denies the allegations of Paragraph 18 of the Complaint.

**19.**

Home Depot denies the allegations of Paragraph 19 of the Complaint.

**20.**

As Plaintiff has realleged all of his previous allegations in Paragraph 20, Home Depot realleges its responses to the preceding paragraphs herein.

**21.**

Home Depot denies the allegations of Paragraph 21 of the Complaint.

**22.**

Home Depot denies the allegations of Paragraph 22 of the Complaint.

**23.**

As Plaintiff has realleged all of his previous allegations in Paragraph 23, Home Depot realleges its responses to the preceding paragraphs herein.

**24.**

Home Depot denies the allegations of Paragraph 24 of the Complaint.

**25.**

Home Depot denies the allegations of Paragraph 25 of the Complaint.

**26.**

Home Depot denies the allegations of Paragraph 26 of the Complaint.

**27.**

Home Depot denies the allegations of Paragraph 27 of the Complaint.

**28.**

Home Depot denies the allegations of Paragraph 28 of the Complaint.

**29.**

As Plaintiff has realleged all of his previous allegations in Paragraph 29, Home Depot realleges its responses to the preceding paragraphs herein.

**30.**

Home Depot denies the allegations of Paragraph 30 of the Complaint.

**31.**

Home Depot denies the allegations of Paragraph 31 of the Complaint.

**32.**

As Plaintiff has realleged all of his previous allegations in Paragraph 32, Home Depot realleges its responses to the preceding paragraphs herein.

**33.**

Home Depot denies the allegations of Paragraph 33 of the Complaint.

**34.**

Home Depot denies the allegations of Paragraph 34 of the Complaint.

***AD DAMNUM***

Defendant denies all of the allegations of the final, unnumbered paragraph of the Complaint, captioned "Prayer for Relief" and beginning with the words "WHEREFORE, PREMISES CONSIDERED." Defendant specifically denies that Plaintiff is entitled to any judgment and/or damages and/or costs and/or interest and/or any other legal or equitable relief in any amount or type whatsoever of and from Defendant.

## FOURTH DEFENSE

Defendant specifically denies any allegation of Plaintiff's Complaint not otherwise responded to in this Answer.

## FIFTH DEFENSE

Defendant denies each and every material allegation in the Complaint by which Plaintiff seeks to impose liability upon it and denies any responsibility in the premises.

## SIXTH DEFENSE

Without waiving any other defense, affirmative or otherwise, Defendant affirmatively pleads and alleges that the sole proximate cause of the Plaintiff's damages, if any, was the negligence of the Plaintiff.

## SEVENTH DEFENSE

Without waiving any other defense, affirmative or otherwise, Defendant affirmatively pleads contributory negligence by Plaintiff and affirmatively invokes the provisions of Mississippi Code Annotated §11-7-15 and all rights afforded to Defendant as stated therein.

## EIGHTH DEFENSE

Without waiving any other defense, affirmative or otherwise, Defendant invokes the provisions of Mississippi Code Annotated § 85-5-7 and all rights afforded to Defendant as stated therein.

## NINTH DEFENSE

Without waiving any other defense, affirmative or otherwise, Defendant further affirmatively pleads and alleges that the sole proximate cause of some or all of the injuries and/or damages as alleged in the Complaint, if any, were the result of acts, omissions or other conduct of parties or entities other than Defendant for which Defendant bears no responsibility.

## TENTH DEFENSE

Without waiving any other defense, affirmative or otherwise, Defendant further affirmatively pleads and alleges that some or all of the injuries and/or damages, if any, sustained by Plaintiff, were proximately caused by the intervening or superseding acts of persons other than Defendant, for whose acts or omissions Defendant is not liable.

## ELEVENTH DEFENSE

Without waiving any other defense, affirmative or otherwise, and as discovery is ongoing, Defendant further affirmatively pleads and alleges that Plaintiff failed to mitigate his damages.

## TWELFTH DEFENSE

Without waiving any other defense, affirmative or otherwise, Defendant further affirmatively pleads and alleges that to the extent any of Plaintiff's alleged injuries or damages were the result of pre-existing injuries, conditions, illnesses and/or damages, Defendant is not liable for said injuries, conditions, illnesses and/or damages.

## THIRTEENTH DEFENSE

Without waiving any other defense, affirmative or otherwise, and while specifically denying that any dangerous condition existed upon its premises, Defendant affirmatively pleads and alleges that it is not liable for injuries that were caused by conditions that were, or should have been, open and obvious to Plaintiff.

## FOURTEENTH DEFENSE

Without waiving any other defense, affirmative or otherwise, Defendant further hereby pleads and alleges that it is entitled to all rights, benefits and privileges afforded to it as passed by and set forth in the 2002 Mississippi Laws, Third Extraordinary Session, Chapter 4, House Bill No. 19 - Civil Justice Reform Act.

### FIFTEENTH DEFENSE

Without waiving any other defense, affirmative or otherwise, Defendant further hereby pleads and alleges that it is entitled to all rights, benefits and privileges afforded to it as passed and set forth in the Mississippi Tort Reform Act of 2004 set forth in 2004 First Extraordinary Session, Chapter 1, House Bill No. 13.

### SIXTEENTH DEFENSE

Without waiving any other defense, affirmative or otherwise, Defendant further hereby pleads and alleges that it is entitled to all rights, benefits and privileges afforded to it as passed and set forth in the Litigation Accountability Act of 1988 set forth in Mississippi Code, Title 11, Chapter 55.

### SEVENTEENTH DEFENSE

The facts not having been fully developed, Defendant further affirmatively pleads the following affirmative defenses as may be applicable in this action: accord and satisfaction, arbitration and award, assumption of the risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, *res judicata*, statute of frauds, statute of limitations, and waiver, and any other matter constituting an avoidance or affirmative defense.

### EIGHTEENTH DEFENSE

Although denying that the Plaintiff is entitled to punitive damages, Defendant affirmatively pleads the provisions of Miss. Code Ann. § 11-1-65 and that:

(1)   An award of punitive damages in this civil action would amount to deprivation of property without due process of law in violation of the 5th and 14th amendments of the United States Constitution and Section 14 of the Mississippi Constitution;

(2)   No legislation has been enacted authorizing punitive damages in a civil action such as this or placing any limit on the amount of punitive damages awarded;

(3)   An award of punitive damages in this civil action would violate the due process provisions of the 5th and 14th amendments to the United States Constitution and Section 14 of the Mississippi Constitution;

(4)   The criteria used for determining whether and what amount of punitive damages may be awarded are impermissibly vague, imprecise and inconsistent and are therefore in violation of the due process provisions of the 5th and 14th amendments to the United States Constitution;

(5)   An award of punitive damages in this civil action would amount to an excessive fine in violation of the 8th amendment to the United States Constitution and of Section 28 of the Mississippi Constitution;

(6)   An award of punitive damages in this civil action would violate the equal protection provisions of the 14th amendment in that such a sanction is discriminatory and arbitrary in penalizing Defendant on the basis of its assets;

(7)   To the extent that Defendant is subjected to a criminal sanction or sanctions through punitive damages, the burden of proof required to impose the same shall be to prove "beyond a reasonable doubt" and punitive damages should not be awarded without affording Defendant the full range of criminal procedure safeguards granted by the 4th, 5th and 6th amendments to the United States Constitution;

(8)   An award of punitive damages would violate Article 1, Section X of the United States Constitution; and

(9)   The award of punitive damages in this civil action would violate similar and related provisions, as noted above, of the Constitution of the State of Mississippi.

9

## NINETEENTH DEFENSE

Defendant asserts all rights, benefits and privileges to which it is entitled pursuant to the U.S. Supreme Court's opinion in the case styled *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S.Ct. 1513 (2003).

## TWENTIETH DEFENSE

Defendant would specifically reserve its right to amend this Answer to include any other appropriate affirmative defense which may be developed through discovery and/or investigation of the subject incident.

**AND NOW, HAVING FULLY AND FINALLY ANSWERED** the allegations of the Complaint, Defendant requests that the Complaint be dismissed, with all costs assessed to the Plaintiff.

Respectfully submitted, this the 30th day of May, 2019.

**HOME DEPOT U.S.A., INC., DEFENDANT**

By: _____           By: _____
Megan S. Peterson (MSB# 105044)         Michael C. Gatling (MSB #101530)
SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.   COPELAND, COOK, TAYLOR & BUSH, P.A.
1100 Poydras Street, 30th Floor         P.O. Box 6020 (39158)
New Orleans, Louisiana 70163            600 Concourse, Suite 100
Telephone:   (504) 569-2030             1076 Highland Colony Parkway
Facsimile:   (504) 569-2999             Ridgeland, Mississippi 39157
E-Mail:      meganp@spsr-law.com        Telephone:   (601) 856-7200
                                        Facsimile:   (601) 856-7626
                                        Email:       mgatling@cctb.com

## CERTIFICATE OF SERVICE

I, Michael C. Gatling, do hereby certify that I have this the 30th day of May, 2019 caused to be forwarded by electronic and U.S. Mail, a true and correct copy of the above and foregoing to the following:

Mike Saltaformaggio (MSB # 104000)
Mack Reeves (MSB # 104823)
Seth Thompson (MSB # 103887)
Maggio Thompson, LLP
1227 E. Fortification Street
Jackson, Mississippi 39202
Email: mike@mtlawms.com
       mack@mtlawms.com
       seth@mtlawms.com
***Attorneys for the Plaintiff***

_____
Michael C. Gatling

| COPELAND |
| COOK |
| TAYLOR & |
| BUSH |

May 30, 2019

FILED
JUN 0 6 2019
*Gwen Wilks*
FORREST COUNTY CIRCUIT CLERK

Gwen Wilks, Clerk
FORREST COUNTY CIRCUIT COURT
Post Office Box 992
Hattiesburg, MS 39403

     RE:   *Jhony Gomez Alvarez vs. Home Depot and John and Jane Does 1-10*; In the Circuit Court of Forrest County, Mississippi; Cause No. H19-0067

Dear Ms. Wilks:

Enclosed please find an original and one copy of Home Depot U.S.A., Inc.'s Answer and Defenses. Please file the original and return a filed stamped copy to me in the enclosed, self-addressed, stamped envelope.

Should you have any questions, please do not hesitate to contact me.

                         Sincerely,

                         COPELAND COOK TAYLOR & BUSH, P.A.

                         BY:_____
                                Michael C. Gatling

MCG:kbs
Enclosures

JACKSON | RIDGELAND
600 Concourse, Suite 100
1076 Highland Colony Parkway
Ridgeland, Mississippi 39157

P.O. Box 6020
Ridgeland, MS 39158

Tel (601) 856-7200
Fax (601) 856-7626

GULF COAST | HATTIESBURG

www.copelandcook.com